**FILED**

**August 16, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:40 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| James Ducros, | ) | Docket No.: 2017-01-0228 |
| Employee, | ) | |
| v. | ) | |
| Metro Roofing and Metal Supply Co., | ) | State File No.: 70424-2016 |
| Inc., | ) | |
| Employer, | ) | |
| And | ) | |
| Carolina Casualty Ins. Co., | ) | Judge Audrey A. Headrick |
| Carrier. | ) | |

### EXPEDITED HEARING ORDER
### (DECISION ON THE RECORD)

This matter came before the Court on a Request for Expedited Hearing filed by James Ducros on July 12, 2017. The Court issued a docketing notice on July 28 allowing seven business days for the parties to file objections or submit position statements. The parties filed briefs, but neither side filed objections. The central legal issue is whether Mr. Ducros is likely to establish at a hearing on the merits that Metro Roofing and Metal Supply Co. must designate Dr. Woody Kennedy as his authorized treating physician. This Court finds it needs no additional information to determine this issue and holds Mr. Ducros is not entitled to the requested benefit at this time.

### History of Claim

Mr. Ducros, a truck driver, injured his right wrist on September 8, 2016, while pulling shingles for an order. (Ex. 2.) He provided notice to Metro Roofing on the same day, but it did not offer him a panel of physicians. Instead, Metro Roofing sent Mr. Ducros to Dodson Avenue Community Health. After receiving conservative treatment from Dr. Naina Sharma, Mr. Ducros asked her to refer him to a specialist. Dr. Sharma agreed and referred him to a "Hand Clinic." (Ex. 5.)

Rather than offering Mr. Ducros a panel of hand specialists, Metro Roofing authorized him to see Dr. Kennedy at Hayes Hand Center. (Ex. 5.) Mr. Ducros received

1

conservative treatment from Dr. Kennedy until Metro Roofing provided him with a panel on October 18. (Ex. 4.) He stated that Metro Roofing told him his claim "could be denied" if he did not select a physician from the panel. (Ex. 1.) Mr. Ducros selected Dr. Peter Lund from the panel and treated with him from October 2016 forward. Metro Roofing also authorized Mr. Ducros to obtain a second opinion on Dr. Lund's recommendation.

Mr. Ducros argued Metro Roofing coerced him into signing the late-offered panel based upon its insurance carrier's misrepresentations. He contended Dr. Sharma's referral to "Hand Clinic" was actually a specific referral to Hayes Hand Center, which he asserted is within the same network affiliation as Dr. Sharma. Therefore, Mr. Ducros requested that the Court order Dr. Kennedy as his authorized treating physician.

Metro Roofing argued that Dr. Lund became the authorized treating physician when Mr. Ducros selected him from the panel. It pointed out that Mr. Ducros did not select Dr. Kennedy from a panel and Dr. Sharma did not specifically refer Mr. Ducros to him. Therefore, Metro Roofing asked that the Court deny Mr. Ducros' request.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Mr. Ducros bears the burden of proof on all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, he is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Rather, at an expedited hearing, Mr. Ducros must come forward with sufficient evidence from which this Court might determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### Medical Benefits

Under the Workers' Compensation Law, the employer is required to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" When an injured employee expresses a need for medical treatment, the employer must provide a panel of "three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups" on a form "from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a) (2016).

Here, Metro Roofing provided Mr. Ducros authorized treatment with both Dr. Sharma's clinic and Dr. Kennedy but failed to offer a panel until a month after his injury.

2

Mr. Ducros selected Dr. Lund from the panel and received treatment from him since October 2016. Metro Roofing also provided Mr. Ducros with a second opinion.

Mr. Ducros claimed that Metro Roofing misled him by stating his claim "could be denied" if he chose not to select a physician from the late-offered panel. However, the Court holds that, while Metro Roofing's delay in offering a panel subjects it to a possible penalty assessment, it does not negate Mr. Ducros' statutory duty to accept the medical benefits offered to him. The Court also notes that, to date, Mr. Ducros has treated with Dr. Lund for almost a year. For these reasons, the Court holds Mr. Ducros is unlikely to prevail at a hearing on the merits in proving that Metro Roofing must designate Dr. Kennedy as his authorized treating physician. Therefore, the Court denies his request for medical benefits.

*Referral to Penalty Unit*

As noted above, Metro Roofing delayed in offering a panel. The Workers' Compensation Law sets forth the parties' obligations. One of these obligations requires employers to timely provide a panel to injured employees who come forward with evidence of a work-related injury. *See* Tenn. Code Ann. § 50-6-204 and Tenn. Comp. R. & Regs. 0800-02-01-.25 (2016). An employer who fails to comply with this rule without good cause could be assessed a civil penalty up to $5,000.00.

In light of the one-month delay in failing to provide a panel, the Court refers Metro Roofing to the Penalty Unit for investigation and possible penalty assessment. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015); *see also Berdnik v. Fairfield Glade Comm. Club, et al.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, *18-19 (May 18, 2017).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Ducros' requested relief is denied at this time.

2. The Court refers Metro Roofing to the Penalty Unit for investigation and possible penalty assessment.

3. This matter is set for a Status Hearing on Tuesday, October 24, 2017, at 2:30 p.m., Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED** this the 16th day of August, 2017.

*Audrey Headrick*

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of James Andrew Ducros
2. First Report of Injury
3. Wage Statement
4. Panel
5. Medical records of Hayes Hand Center
6. Medical records of Dodson Avenue Community Health

Technical record:
1. Petition for Benefit Determination
2. Brief Supporting Petition for Benefit Determination
3. Employer's Position Statement
4. Dispute Certification Notice
5. Request for Expedited Hearing
6. Docketing Notice for On-The-Record Determination
7. Supplemental Brief Supporting Petition for Benefit Determination[1]
8. Employer's Expedited Hearing Position Statement

---

[1] The Court did not consider the e-mail attached to Mr. Ducros' supplemental brief as evidence as it was untimely filed.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of August, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| R. Lew Belvin, Employee Attorney | | | X | lew.belvin@mcmahanlawfirm.com |
| Nicholas S. Akins, Ryan L. Sarr, Employer Attorneys | | | X<br>X | nakins@morganakins.com<br>rsarr@morganakins.com |
| Compliance Unit | | | X | WCCompliance.Program@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5